IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YULY PUERTA, et al.,

Plaintiffs,

v.

CIVIL NO. 20-1015 (CVR)

CORAL BY THE SEA HOTEL CORP., et al.,

Defendants.

**OPINION AND ORDER**

Before the Court is co-Defendant Coral by the Sea Hotel's ("the Hotel") "Motion to Strike Expert Eugenio Latour-Ledón Pursuant to Fed R Evid. 702" and Plaintiffs' opposition thereto. (Docket Nos. 39 and 50). For the reasons explained below, the Hotel's motion is GRANTED IN PART and DENIED IN PART.

Under Fed. R. Evid. 702, a person qualified as an expert by his knowledge, skill, experience, training, or education may testify if his specialized knowledge will help the trier of fact understand the evidence, the testimony is based on sufficient facts or data and is the product of reliable principles and methods, and the expert has reliably applied those principles and methods to the case. Fed. R. Evid. 702.

A review of the case law after Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 595, 113 S.Ct. 2786 (1993) shows that the rejection of expert testimony is the exception, rather than the rule. Therefore, the Daubert case did not work a "sea change over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi, 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-

Case 3:20-cv-01015-CVR   Document 53   Filed 01/12/23   Page 2 of 6

Yuly Puerta, et al., v. Coral by the Sea Hotel Corp., et al.
Opinion and Order
Civil 20-1015 (CVR)
Page 2
_____

examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 595.

Additionally, "Daubert does not require that a party proffering expert testimony convince the court that the expert's assessment of the situation is correct, but rather, [a]s long as an expert's scientific testimony rests upon good grounds it should be tested by the adversary process - competing expert testimony and active cross-examination - rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." United States v. Perocier, 269 F.R.D. 103, 107 (D.P.R. 2009) (*citing* Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998)). The Court's analysis must therefore be flexible, not rigid, and must ensure that expert testimony is relevant, sufficient and reliable. Daubert, 509 U.S. at 592; Carrelo v. Advanced Neuromodulation Sys., Inc., 777 F. Supp. 2d 315, 318 (D.P.R. 2011).

The Hotel proffers that the testimony and report of Plaintiffs' expert, Architect Eugenio Latour-Ledón ("Architect Latour-Ledón") is not based on sufficient facts or data. Architect Latour-Ledón admitted in his report that he did not know the year the hotel and the staircase were constructed. Thus, the Hotel argues that Plaintiffs cannot establish the requisite standard of care because the expert lacks the year to apply the appliable Construction Code. The Hotel also asserts that: 1) the expert report fails to address the context in which the accident occurred (that Plaintiff had her hands full and, thus, was unable to grab the handrail to avoid falling); 2) the report omitted the fact that the Hotel had all appliable permits to date at the time of the incident and; 3) the report's mention of the Hotel's remedial measures after the accident, which consisted of adding a step at

Case 3:20-cv-01015-CVR   Document 53   Filed 01/12/23   Page 3 of 6

Yuly Puerta, et al., v. Coral by the Sea Hotel Corp., et al.
Opinion and Order
Civil 20-1015 (CVR)
Page 3
_____

the bottom of the staircase, are inadmissible pursuant to the Fed. R. Evid., prejudicial and misleading to the jury. On the other hand, Plaintiffs argue that the expert report and testimony will aid the trier of fact, and that the Hotel has failed to establish that the report is non-compliant with Fed. R. Evid. 702.

**A. The Report.**

The Court has examined the report in question and finds that this is a matter of weight and credibility that is best left for the jury to resolve. See Carrelo 777 F. Supp. 2d at 318-19 (a challenge to the factual underpinnings of an expert opinion is a matter that affects the weight and credibility of the testimony and is a jury question), *citing* United States v. Vargas, 471 F.3d 255, 264 (1st Cir. 2006) and Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 545 (1st Cir. 1988). As a consequence thereof, the Court declines to strike Architect Latour-Ledón's report and testimony at this time.

While Plaintiffs might have been better served in the end by having their expert be more thorough in his investigation and the drafting of his report, the Court cannot categorically determine at this stage, without hearing the expert's testimony and when all inferences must be made in favor of the non-moving party, that the report and testimony are based on insufficient data and that Plaintiffs cannot establish causality on these facts. Whether or not Plaintiffs can ultimately establish that the staircase in question was deficient, while not knowing the year it was built and whether the Hotel can be found liable when the Plaintiff testified she could not hold on to the handrail due to her own actions, is not for this Court to determine at this stage, but is a matter entrusted to the jury as part of its fact-assessment duty. The Hotel will have a full opportunity to cross-

Case 3:20-cv-01015-CVR   Document 53   Filed 01/12/23   Page 4 of 6

Yuly Puerta, et al., v. Coral by the Sea Hotel Corp., et al.
Opinion and Order
Civil 20-1015 (CVR)
Page 4
_____

examine Architect Latour-Ledón at trial, and it may well be that the jury finds that his opinion on these issues is entitled to no weight whatsoever for the reasons stated above.

The same reasoning applies to the argument that Plaintiffs' expert failed to mention the Hotel had its permits up to date. This issue as well goes towards the expert's credibility and weight of his testimony, which is for the jury and not the Court to consider and decide. It is not the province of the Court but of the jury to evaluate evidence and give it the appropriate probative value. Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc., 999 F.3d 37, 53 (1st Cir. 2021) ("[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2 505 (1986)).

In sum, it will be up to the jury to listen to and consider the testimonies in this case, including the testimony of expert Architect Latour-Ledón and the Hotel's reasons for its actions, give it the weight it sees fit, and resolve this issue one way or the other.

**B. Remedial measures.**

The Hotel argues that the remedial measures are inadmissible pursuant to Fed R. Evid. 407. Said rule requires that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. The Court may, however, admit this evidence for other purposes, such as impeachment proving ownership, control, or the feasibility of precautionary measures. Id. On the other hand, Fed. R. Evid. 403 allows for the exclusion of evidence that might otherwise be admissible "if its probative value is

substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiffs counter that the Hotel's management indicated during the deposition that the modification was not made in response to the accident but rather for the comfort of their clientele. A review of Architect Latour-Ledón's expert report, however, states that even after the remedial measures were undertaken, the staircase is still not up to Code[1], which is the very issue at hand, to wit, whether the condition and subsequent repair of the stairs can establish that the Hotel was negligent then and now. As such, Plaintiffs are not offering the evidence for any of the "other purposes" that the rule establishes, but are instead offered for the very same reasons that the rule excludes it. If nothing else, the Court finds that admitting this particular finding by Plaintiffs' expert will unduly prejudice the Hotel, as the jury might infer negligence on behalf of the hotel. Consequently, the findings regarding the remedial measures undertaken by the Hotel after the accident and the subsequent state of the staircase are facts inadmissible at trial pursuant to Fed R. Evid. 407.

In conclusion, the Hotel's motion is GRANTED IN PART and DENIED IN PART (Docket No. 39) as follows: 1) the request to strike Architect Latour-Ledón's testimony and report at this juncture is DENIED and; 2) the request to strike mention of the remedial measures undertaken of the stairwell by the Hotel after the accident in question is GRANTED.

---

[1] Docket No. 39, Exhibit 1, p. 7.

Case 3:20-cv-01015-CVR   Document 53   Filed 01/12/23   Page 6 of 6

Yuly Puerta, et al., v. Coral by the Sea Hotel Corp., et al.
Opinion and Order
Civil 20-1015 (CVR)
Page 6
_____

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 12th day of January 2023.

                                              S/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ RIVE
                                              UNITED STATES DISTRICT JUDGE